ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| MELVIN ALVARADO CRUZ<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | TA2026RA00305 | *Revisión Judicial* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 149984<br><br>Sobre: Suspensión de vista de reconsideración de Libertad Bajo palabra |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro, el Juez Sánchez Báez y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de junio de 2026.

Comparece por derecho propio el señor Melvin Alvarado Cruz (en adelante, recurrente o señor Alvarado) mediante el recurso de revisión judicial de epígrafe presentado el 8 de junio de 2026. En este, nos solicita que revisemos la decisión de la Junta de Libertad Bajo Palabra (en adelante, JLBP o recurrida) de suspender la vista de reconsideración a la que había sido citado.

Junto al recurso, el recurrente incluyó una *Solicitud para Declaración de Indigencia*, para que se le exima del pago del arancel, la cual declaramos Ha Lugar.

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción.

**I.**

El recurrente, quien se encuentra confinado, alega que el 13 de marzo de 2026 fue citado a comparecer para la celebración de la vista de reconsideración del privilegio de la JLBP, pero que la misma fue suspendida

por el incumplimiento con la Ley Núm. 90-1995, según enmendada. Indica que el 20 de abril de 2026 recibió una Resolución de la recurrida donde se determinó suspender la vista, privando al recurrente de la celebración de dicha vista de reconsideración y de ser considerado para el disfrute del privilegio de la JLBP.

Indica que, inconforme con esa determinación, el 30 de abril de 2026 solicitó reconsideración ante la recurrida y que el 15 de mayo de 2026 venció el término para que esta última atendiera dicha reconsideración.

El 8 de junio de 2026, el recurrente compareció ante nos mediante el recurso de epígrafe en el que señala que:

> La JLBP erró al violar el Art. VIII, Sección 8.3 (A) Notificación a víctimas del Reglamento de la JLBP del 8 de agosto de 2025, #9684.

En esencia, nos solicita que ordenemos a la JLBP que le conceda y celebre una vista de reconsideración a la brevedad posible.

Examinado el recurso, prescindimos de la comparecencia de la parte recurrida a tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR __ (2025), pág. 15.

## II.

### A.

Como es sabido, la jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *AAA v. UIA*, 199 DPR 638, 651-652 (2018). Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela. *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016). Asimismo, es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres*

*Pérez,* 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

Nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada. *R&B Power, Inc. v. Junta de Subastas ASG, supra.* De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018). Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos. *R&B Power, Inc. v. Junta de Subastas ASG, supra.*

**B.**

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA sec. 9601 *et seq.,* establece el marco normativo que rige la revisión judicial de las decisiones emitidas por las agencias administrativas. *Otero Rivera v. USAA Fed. Savs. Bank,* 214 DPR 473, 484 (2024). En ese sentido, la Sección 4.2 de la LPAU, dispone que:

> Una parte adversamente afectada por una **orden o resolución final** de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente **podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones,** dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.
>
> […]
>
> Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia. 3 LPRA sec. 9672. (Énfasis nuestro).

Según definido por la ley, una orden o resolución es "**cualquier decisión o acción agencial** de aplicación particular **que adjudique derechos u obligaciones** de una o más personas específicas, **o que imponga penalidades o sanciones administrativas** excluyendo órdenes ejecutivas emitidas por el Gobernador." 3 LPRA sec. 9603. (Énfasis nuestro). La ley distingue entre órdenes o resoluciones parciales, que son aquellas que adjudican derechos u obligaciones, pero no ponen fin a la controversia total, sino a un aspecto específico de la misma, y las órdenes interlocutorias, que son acciones de la agencia que disponen de asuntos meramente procesales. *Id.*

Asimismo, la Sección 3.14 de la LPAU dispone lo siguiente:

Una orden o resolución final deberá ser emitida por escrito dentro de noventa (90) días después de concluida la vista o después de la presentación de las propuestas determinaciones de hechos y conclusiones de derecho, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada.

La orden o resolución deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.

La orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos. 3 LPRA sec. 9654.

De conformidad con lo antes expuesto, se ha interpretado que una "orden o resolución final" es aquella que "dispone del caso ante la agencia y tiene efectos adjudicativos y dispositivos sobre las partes". *Pérez López v. Depto. Corrección,* 208 DPR 656, 672-673 (2022), citando a *Depto. Educ. v. Sindicato Puertorriqueño,* 168 DPR 527, 545 (2006).

**C.**

Por otro lado, las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *García Morales v. Mercado Rosario,* 190 DPR 632, 639 (2014); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013); *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011).

Conforme a lo anterior, los tribunales tenemos el deber ministerial de examinar y evaluar rigurosamente nuestra jurisdicción y, a esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA,* 2025 TSPR 141, 216 DPR ___ (2025), R. 83 (C), confiere facultad a este Tribunal para, a iniciativa propia o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción y cuando la parte no ha actuado con diligencia en el trámite del recurso.

En ese sentido, las Reglas 57, 58 y 59 del Reglamento del Tribunal de Apelaciones, *supra,* establecen los requisitos que se deben cumplir para el perfeccionamiento de un recurso de revisión administrativa. En particular, en cuanto al contenido del escrito de revisión, la Regla 59 dispone que este debe contener, entre otras cosas, lo siguiente:

**(C) Cuerpo**

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

[…]

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

[…]

**(E) Apéndice**

(1) El recurso de revisión incluirá un apéndice que contendrá una copia literal de:

**(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.**

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.

**(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.**

**(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.**

**(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.**

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia. (Énfasis nuestro).

**III.**

En el presente caso, carecemos de jurisdicción para atender los méritos del recurso. De entrada, el recurrente incumplió con los requisitos de perfeccionamiento establecidos en la Regla 59(E) del Reglamento del Tribunal de Apelaciones, *supra,* al no incluir documento alguno en el apéndice de su recurso. En particular, omitió acompañar la resolución cuya revisión solicita, así como cualquier otro documento del expediente administrativo que permitiera corroborar la naturaleza de la determinación impugnada, su contenido y la fecha de su notificación. Tal incumplimiento impide a este Tribunal evaluar adecuadamente su jurisdicción y constituye fundamento suficiente para la desestimación del recurso.

Aun si el recurrente hubiese cumplido con el Reglamento al presentar el apéndice, el resultado sería el mismo. Toda vez que tomando como ciertas las alegaciones de la parte recurrente la actuación impugnada consistió en la

suspensión de una vista de reconsideración previamente señalada por la recurrida. Tal determinación no adjudica de forma final derecho u obligación alguna del recurrente ni dispone definitivamente de la controversia ante la agencia. Se trata, más bien, de una determinación de carácter procesal e interlocutorio relacionada con el trámite administrativo del caso.

La Sección 4.2 de la LPAU, 3 LPRA sec. 9672, dispone expresamente que las órdenes o resoluciones interlocutorias de una agencia no son revisables directamente ante este Tribunal. Por consiguiente, aun aceptando las alegaciones del recurrente como correctas, la actuación recurrida no constituye una orden o resolución final susceptible de revisión judicial.

En consecuencia, al no existir una determinación final revisable y ante el incumplimiento con los requisitos reglamentarios para el perfeccionamiento del recurso, procede su desestimación por falta de jurisdicción.

**IV.**

Por los fundamentos que anteceden, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Juez Grana Martínez disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| MELVIN ALVARADO CRUZ<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | TA2026RA00305 | *Revisión Judicial* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 149984<br><br>Sobre: Suspensión de vista de reconsideración de Libertad Bajo palabra |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro, el Juez Sánchez Báez y la Juez Lotti Rodríguez.

### **VOTO DISIDENTE DE LA JUEZA GRANA MARTÍNEZ**

El Tribunal Supremo de Puerto Rico ha advertido que la desestimación de un recurso como sanción debía utilizarse como último recurso. Reiteradamente nos invita a que cuando utilicemos dicho mecanismo procesal en casos de incumplimiento con nuestro Reglamento, cerciorarnos primero que el incumplimiento haya provocado un impedimento real y meritorio, para que el tribunal pueda atender el caso en los méritos. De esta manera, se logra conciliar la obligación de las partes de cumplir con los reglamentos procesales con el derecho estatutario de todo ciudadano a que su caso sea revisado por un panel colegiado de tres jueces. Concluía el foro Supremo que, con dicho balance en mente, el Tribunal de Apelaciones puede y debe usar medidas intermedias menos drásticas dirigidas al trámite y perfeccionamiento diligente de los recursos de apelación. *Román et als. v. Roman et als.*, 158 DPR 163 (2002).

Y es que el acceso al foro judicial exige que, jueces y juezas, hagamos nuestros mejores esfuerzos por atender las controversias en los méritos, procurando una solución concreta entre las partes y el fin de una controversia, permitiendo la subsanación de requisitos de forma que en nada inciden sobre los méritos. Como ejemplo y en lo pertinente al recurso que nos

ocupa, el Reglamento del Tribunal de Apelaciones dispone que el tribunal podrá permitir, a petición del recurrente en el recurso, en moción **o *motu proprio***, a la parte recurrente la presentación de los documentos del apéndice con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días, contados a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos. La omisión de incluir los documentos del apéndice no será causa de desestimación del recurso. 4 LPRA Ap. XXII-B, Regla 59 (e)(2). De hecho, en los comentarios a la Regla 59 se reitera que según las directrices de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, el tribunal podrá permitir la presentación de documentos del apéndice con posterioridad a la presentación del recurso a petición del recurrente o *motu proprio*, y no desestimará el recurso por omisión de documentos. Conforme a la Regla 12.1, el tribunal dará oportunidad a las partes de corregir defectos de forma.

Hubiese cumplido con dicha directriz. Tan reciente como el 9 de abril del año en curso, el Tribunal Supremo de Puerto Rico, en *Cooperativa de Seguros Múltiples de Puerto Rico v. ELA,* citando expresiones del magistrado del Tribunal Supremo de Estados Unidos Gorsuch expresó lo siguiente.

> "Lower court judges may sometimes disagree with this court's decisions, but they are never free to defy them. [...] [W]hen this Court issues a decision, it constitutes a precedent that commands respect in lower courts." *National Institutes of Health,* et al. *v. American Public Health Association, et al.*, 606 US ___, 145 S. Ct. 2658, 2663 (2025) (Gorsuch, J., concurring in part and dissenting in part)."

Reiteró que, en aras de preservar la certeza judicial, mientras el Tribunal Supremo no revoque ni modifique la doctrina establecida en sus decisiones, los tribunales y organismos inferiores estamos obligados a seguirla en los casos en que sea aplicable. *Cooperativa de Seguros Múltiples*

*de Puerto Rico v. ELA*, 2026 TSPR 36; <u>*Capestany v. Capestany*</u>, 66 DPR 764, pág. 767 (1946).

En este caso, no estamos ante alguno de los supuestos que permiten obviar la doctrina. El recurrente plantea que erró la Junta de Libertad bajo Palabra al suspender la vista de consideración del privilegio por no haber notificado a la víctima del delito, conforme el mandato de ley y su obligación según el reglamento 9684. Este último, dispone que la Junta de Libertad bajo Palabra notificará por escrito a la víctima sobre la celebración de la vista en la cual se considere la concesión, modificación, reconsideración, seguimiento e investigación del privilegio de libertad bajo palabra. Reglamento de la Junta de Libertad bajo Palabra, número 9684 de 8 de agosto de 2025 Sección 8.3.

Hubiese permitido la presentación del apéndice y concedido una oportunidad a la Junta para presentar su alegato en oposición. Si bien pudiéramos entender que estamos ante un trámite interlocutorio lo cierto es que el cambio de fecha siempre será un trámite interlocutorio, mientras no se cumpla con el deber de notificar a la víctima, deber que recae únicamente en la Junta. Razón por la cual le hubiese concedido un término para explicar la razón que impide el cumplimiento con su deber de notificación a la víctima de delito y por la cual hoy disiento.

"Desestimar de inmediato una demanda, o una contestación, como medio de aplicar sanción al proceder o a una actitud del abogado en el curso del pleito, tiene el efecto de privar a un ciudadano de la función judicial de adjudicación que forma parte de nuestra estructura constitucional, privándole de la oportunidad de un día en corte para hacer valer en los méritos la legitimidad de su derecho a reclamar si es demandante, o la legitimidad y mérito de una defensa, si es demandado. Este es un valor en el orden social demasiado apreciable para ser prontamente sacrificado, aun cuando la sanción se dé en aras del pronto despacho de los asuntos radicados

y de una rápida administración de justicia. Si los pleitos judiciales se desestimaren por esta vía indistintamente, se habrán despachado los asuntos, no hay duda, pero tal vez no habría quedado mucho de justicia a impartir." *Ramirez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 829 (1962).

En San Juan, Puerto Rico, a 15 de junio de 2026.


Grace M. Grana Martínez
Jueza del Tribunal de Apelaciones